UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MATTHEW D. BOOKER,

                              Plaintiff,

                                                                                 9:11-CV-247
v.                                                                    (DNH/GHL)


D. ROCK, Superintendent of Upstate
Correctional Facility, and MR. MARENELLI,
Psychologist, Upstate Correctional Facility,

                              Defendants.
_____

APPEARANCES:                                                         OF COUNSEL:

MATTHEW BOOKER, 09-A-5397
Plaintiff *pro se*
Elmira Correctional Facility
P.O. Box 500
Elmira, NY 14902

HON. ERIC T. SCHNEIDERMAN                          ADELE M. TAYLOR-SCOTT, ESQ.
Attorney General for the State of New York
Counsel for Defendants
The Capitol
Albany, NY 12224

GEORGE H. LOWE, United States Magistrate Judge

### REPORT-RECOMMENDATION AND ORDER

       This *pro se* prisoner civil rights action, commenced pursuant to 42 U.S.C. § 1983, has been referred to me for Report and Recommendation by the Honorable David N. Hurd, United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).  Plaintiff Matthew Booker alleges that Defendants violated his Eighth Amendment rights by not separating him from a mentally ill cellmate.  (Dkt. No. 1.)  Currently pending before the Court is Defendants'

motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 17.) For the reasons that follow, I recommend that Defendants' motion be granted in part and denied in part.

I.   BACKGROUND

Plaintiff, who was incarcerated at Upstate Correctional Facility during the events outlined in the complaint, alleges that his "bunky," Brian Abrams, informed Defendant Marenelli that he (Mr. Abrams) was hearing voices and "wanted to kill [Plaintiff] and himself." (Dkt. No. 1 at 7.)[1] Defendant Marenelli is a psychologist. *Id.* at 2. Mental health staff took Mr. Abrams out of his cell and later returned him. *Id* at 7. When Mr. Abrams was returned, he was even more distraught. *Id.* Mr. Abrams "continued to argue with himself" and Plaintiff "was in fear of his life and was. . .concerned with the prospect of waking to Mr. Abrams being dead or hurt." *Id.*

The next morning, Plaintiff went to take a shower. *Id.* He had forgotten his washcloth and when he stepped out to retrieve it he observed that Mr. Abrams had hanged himself and was "dangling from the outside recreational gate." *Id.* Plaintiff, who was wet from the shower, ran outside in the snow to Mr. Abrams and lifted him to allow him to breathe. *Id.* Mr. Abrams struggled with Plaintiff, screaming profanities and pleading for Plaintiff to let him die. *Id.* In that struggle, Plaintiff injured his wrist. *Id.* at 7-8. The struggle went on for approximately ten minutes before officers responded. *Id.* at 7. Plaintiff became ill with symptoms of pneumonia, and could not get out of bed for four days. *Id.* at 8. He asserts that nothing was done for his symptoms or for his injured wrist. *Id.* He also asserts that he suffers from traumatic stress and from nightmares. *Id.*

---

[1]Citations to the complaint utilize the page numbers assigned by the ECF system.

Plaintiff alleges four causes of action: (1) failure of Defendants to separate him from Mr. Abrams; (2) a policy or custom of the Department of Corrections and Community Supervision[2] ("DOCCS") of failing to separate out dangerous inmates; (3) negligent hiring and retention by DOCCS; and (4) negligent training and supervision by DOCCS. *Id.* at 10-13.

Defendants move to dismiss the complaint. (Dkt. No. 17.) Plaintiff has not opposed the motion, despite having been granted an extension of time in which to do so. (Text Order of September 2, 2011.)

## II. LEGAL STANDARD GOVERNING MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM

A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) on the ground that the complaint fails to state a claim upon which relief can be granted. In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added). "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not

---

[2] DOCCS is not listed in the caption of the complaint, nor is it listed as a defendant. (Dkt. No. 1 at 1-2.) However, due to the liberal construction of *pro se* pleadings and the fact that it is included in the causes of action, this Court will consider the claims against it.

3

shown -- that the pleader is entitled to relief." *Id.* at 1950 (internal citation and punctuation omitted).

"In reviewing a complaint for dismissal under Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). Courts are "obligated to construe a *pro se* complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949.

### III.   ANALYSIS

Defendants argue that the complaint should be dismissed because (1) claims against Defendants in their official capacities and against DOCCS are barred by the Eleventh Amendment; (2) Plaintiff has not stated a plausible claim against Defendant Rock or Defendant Marenelli; (3) Plaintiff does not have standing to sue on behalf of inmate Abrams and (4) Defendants were not personally involved in Plaintiff's medical care and treatment. (Dkt. No. 17-1.)

####    A.   Claims Against Defendants in their Official Capacities and Against DOCCS

In his complaint, Plaintiff listed D. Rock and Mr. Marenelli as Defendants "in their full capacities." (Dkt. No. 1 at 1.) Although Plaintiff did not distinguish whether the Defendants were being sued specifically in their official capacities, to the extent that such a claim is being made, I recommend that it be dismissed. Additionally, to the extent that claims are being

4

asserted against DOCCS, I recommend that they also be dismissed.

The Eleventh Amendment has long been construed as barring a citizen from bringing a suit against his or her own state in federal court, under the fundamental principle of "sovereign immunity." *See* U.S. Const. amend XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."); *Hans v. Louisiana*, 134 U.S. 1, 10-21 (1890); *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267 (1997); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). State immunity extends not only to the states, but to state agencies and to state officers who act on behalf of the state. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf*, 506 U.S. 139, 142-47 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-06 (1984). DOCCS is unquestionably an "arm of the state." *See Hale v. Arizona*, 993 F.2d 1387, 1399 (9th Cir. 1993). Therefore, I recommend that Plaintiff's claim against DOCCS for an unconstitutional policy or custom be dismissed.[3]

The Eleventh Amendment bars suits for damages against state officials acting in their official capacities.[4] All DOCCS employees are state officials for the purposes of the Eleventh

---

[3]Plaintiff alleges that DOCCS had an unconstitutional policy or custom of failing to separate out dangerous inmates. He also alleges that DOCCS was negligent in hiring, retaining, training, and supervising Defendants Rock and Marenelli. (Dkt. No. 1 at 12-13.) Plaintiff filed this complaint as a "civil rights action" under 42 U.S.C. § 1983 and brought it within the jurisdiction of this Court under 28 U.S.C. §§ 1331 and 1343. *Id.* at 1. Even if DOCCS was amenable to suit, mere negligence is not enough to state a cause of action under § 1983. *Hayes v. New York City Dep't of Corr.*, 84 F.3d 614, 620 (2d. Cir. 1996). Therefore, for this additional reason, dismissal of these claims is warranted.

[4]*See Ying Jing Gan v. City of New York,* 996 F.2d 522, 529 (2d Cir. 1993) ("The immunity to which a state's official may be entitled in a § 1983 action depends initially on the

Amendment. *See e.g. Davis v. New York*, 316 F.3d 93, 101 (2d Cir. 2002); *Tolliver v. NY State Correctional Officers*, No. 99 CIV 9555, 2000 U.S. Dist. LEXIS 11531, at *7, 2000 WL 1154311, at *2 (S.D.N.Y. Aug. 14, 2000)("All of the defendants in this case are state officials because they are employees of the New York State Department of Correctional Services.").[5] Therefore, any claims against Defendants Rock and Marenelli in their official capacities are barred by the Eleventh Amendment, to the extent that they are being asserted, and I recommend that they be dismissed.

Where a *pro se* complaint fails to state a cause of action, the court *generally* "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation and citation omitted). However, an opportunity to amend is not required where "[t]he problem with [the plaintiff's] causes of action is substantive" such that

---

capacity in which he is sued. To the extent that a state official is sued for damages in his official capacity, such a suit is deemed to be a suit against the state, and the official is entitled to invoke the Eleventh Amendment immunity belonging to the state."); *Severino v. Negron*, 996 F.2d 1439, 1441 (2d Cir. 1993) ("[I]t is clear that the Eleventh Amendment does not permit suit [under § 1983] for money damages against state officials in their official capacities."); *Farid v. Smith*, 850 F.2d 917, 921 (2d Cir. 1988) ("The eleventh amendment bars recovery against an employee who is sued in his official capacity, but does not protect him from personal liability if he is sued in his 'individual' or 'personal' capacity."); *see also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) ("Obviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. . . . As such, it is no different from a suit against the State itself. . . . We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983."); *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is not a suit against the official personally, for the real party in interest is the entity.").

[5]A copy of this unpublished case will be provided in accordance with the Second Circuit's decision in *LeBron v. Sanders*, 557 F.3d 76 (2d Cir. 2009).

"better pleading will not cure it." *Id*. (citation omitted). Here, the problem with these claims is substantive and could not be cured with better pleading. Therefore, I recommend that Plaintiff not be granted leave to amend these claims.

### B. Claims on Behalf of Inmate Abrams

Defendants argue Plaintiff has no standing to assert a cause of action arising from violations of Abrams' constitutional rights. (Dkt. No. 17-1 at 11.[6]) Defendants mischaracterize the complaint. The complaint clearly references Mr. Abrams only in describing the events that took place, and in each cause of action Plaintiff clearly states his claims in reference to himself. (Dkt. No. 1 at 10-13.) Plaintiff alleges that Defendants failed to prevent or intervene in Mr. Abrams' suicide attempt, but only for the purpose of claiming that preventing the suicide attempt would have prevented his own injuries. *Id.* at 8. Plaintiff does not state that he intends to represent Mr. Abrams' claims, and the prayer for relief does not request relief on behalf of Mr. Abrams. *Id*. at 6. Plaintiff is not alleging that Mr. Abrams did not receive adequate medical treatment.

Therefore, I recommend that Defendants' motion to dismiss for lack of standing be denied.

### C. Claim Against Defendant Rock

Plaintiff asserts that Defendant Rock, the Superintendent at Upstate Correctional Facility, violated his constitutional rights by putting Mr. Abrams back in Plaintiff's cell when he was a threat. (Dkt. No. 1 at 10.) Plaintiff alleges that Defendant Rock should have intervened. *Id.* He

---

[6]Citations to Defendants' Memorandum of Law refer to the internal page numbers of the document.

also alleges that Defendant Rock "failed to investigate this incident expediently and failed to supervise and advise his subordinates to make professional action when in the midst of serious situations." *Id.* at 8. Defendants argue that Plaintiff has not sufficiently alleged personal involvement of Defendant Rock. (Dkt. No. 17-1 at 4-7.) Defendants are correct.

Under Second Circuit precedent, "'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)). In order to prevail on a § 1983 cause of action against an individual, a plaintiff must show some tangible connection between the unlawful conduct and the defendant. *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). If the defendant is a supervisory official, a mere "linkage" to the unlawful conduct through "the prison chain of command" (i.e., under the doctrine of *respondeat superior*) is insufficient to show his or her personal involvement in that unlawful conduct. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003); *Wright*, 21 F.3d at 501; *Ayers v. Coughlin*, 780 F.2d 205, 210 (2d Cir. 1985). In other words, supervisory officials may not be held liable merely because they held a position of authority. *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996). Rather, supervisory personnel may be considered "personally involved" if they (1) directly participated in the violation, (2) failed to remedy that violation after learning of it through a report or appeal, (3) created, or allowed to continue, a policy or custom under which the violation occurred, (4) had been grossly negligent in managing subordinates who caused the violation, or (5) exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that the

violation was occurring.  *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995).[7]

Plaintiff is not alleging any facts to support an inference that Defendant Rock had any knowledge of Mr. Abrams and the threats he made, either before or after they occurred.  Plaintiff mentions that Defendant Rock "failed to supervise and advise his subordinates," but offers no specific facts to support this claim.  As stated in *Iqbal*, a "'formulaic recitation of the elements'" is insufficient to state a claim.  *Iqbal,* 129 S. Ct. at 1951 (citing *Twombly*, 550 U.S. at 555). Plaintiff must do more than tender naked assertions devoid of further factual enhancement.  *Id.* at 1949 (citations and punctuation omitted).  As a result, Plaintiff has not established any basis for imposing supervisory liability on Defendant Rock.

Plaintiff states in his second cause of action that "Defendants" engaged in conduct that constituted a policy or custom of failing to separate out dangerous inmates, in violation of Plaintiff's constitutional rights.[8]  (Dkt. No. 1 at 10-11.)  This allegation suffers from the same flaw as the previous one, namely, the lack of specific factual allegations.  Other than stating there was a custom or practice of failing to separate out dangerous inmates, Plaintiff offers no specific

---

[7]    In *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009), the Supreme Court ruled that where the underlying constitutional claim is a claim of intentional discrimination, a supervisory official's liability must be judged by the official's purpose rather than the official's knowledge of subordinates' actions or policies.  The Second Circuit has not yet issued a decision discussing *Iqbal*'s effect on the *Colon* categories.  Several district courts in the Second Circuit have determined that *Iqbal* nullified some of the *Colon* categories.  *See Sash v. United States*, 674 F. Supp. 2d 531, 543-44 (S.D.N.Y. 2009) (collecting cases).  I will assume for the purposes of this motion that *Colon* remains good law.

[8]Although Plaintiff uses the plural "Defendants," the cause of action is directed towards DOCCS.  (Dkt. No. 1 at 10.)  Therefore, it is unclear whether Plaintiff actually intended to state a claim again either of the individual defendants for the alleged unconstitutional policy or custom. I find it prudent to err on the side of caution and include the possible claim in the analysis.

facts regarding the existence of such a policy, nor does he affirmatively link Defendant Rock to any such policy.  Plaintiff has not set forth any "factual content that allows the court to draw the inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949; *Twombly,* 550 U.S. at 556.  Plaintiff has not demonstrated the personal involvement necessary to state a § 1983 claim against Defendant Rock; therefore I recommend that this claim be dismissed, with leave to amend.

      D.      **Claim Against Defendant Marenelli**

Plaintiff asserts that Defendant Marenelli, a psychologist at Upstate Correctional Facility, violated Plaintiff's constitutional rights when he failed to separate out Mr. Abrams after being informed that he might be a danger to himself and to Plaintiff.  (Dkt. No. 1 at 10.)   Defendants argue that Plaintiff has not plausibly alleged that Defendant Marenelli acted with deliberate indifference.  (Dkt. No. 17-1 at 8-10.)

The Eighth Amendment imposes on jail officials the duty to "provide humane conditions of confinement" for prisoners.  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  In fulfilling this duty, prison officials must "ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer*, 511 U.S. at 832 (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)).

A viable Eighth Amendment claim must contain both an objective and a subjective component.  *Farmer*, 511 U.S. at 834.  To satisfy the objective component, "the deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer*, 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  A prisoner must show that the defendant's "act or omission ... result[ed] in the denial of the minimal civilized measure of life's necessities." *Farmer*, 511 U.S.

at 834.  Therefore, "extreme deprivations are required to make out a conditions-of-confinement claim."  *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

To satisfy the subjective component, the defendant's behavior must be "wanton."  What is considered "wanton" must be determined with "due regard for differences in the kind of conduct against which an Eighth Amendment objection is raised."  *Whitley v. Albers*, 475 U.S. 312, 320 (1986).  Where a prisoner claims that a defendant provided inadequate conditions of confinement, he must show that the defendant acted with "deliberate indifference."  *Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991).

A prison official demonstrates deliberate indifference to inhumane conditions of confinement where he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Farmer*, 511 U.S. at 837.

Plaintiff alleges in his complaint that he had to share a cell with an individual who was hearing voices and who had told Defendant Marenelli that he wanted to kill himself and Plaintiff.  (Dkt. No. 1 at 7.)  Generally, a fear of assault is not the kind of "extreme and officially sanctioned psychological harm that supports a claim of damages under the Eighth Amendment."  *Walker v. Shaw*, No. 08 Civ. 10043, 2010 U.S. Dist. LEXIS 62664, at *24-25, 2010 WL 2541711, at *9 (S.D.N.Y. June 23, 2010) (quotations and citations omitted).[9]  However, "when a prisoner is subjected to specific threats from another inmate, and there are indications that the threat will be carried out, the failure of prison officials to act may give rise to a deliberate

---

[9] A copy of this case was provided with Defendants' motion papers.  (Dkt. No. 17-1 at 25-37.)

indifference claim." *Id.* (quotations and citations omitted).  Therefore, Plaintiff has submitted sufficient factual allegations to satisfy the objective prong, at least for purposes of the instant motion.

Plaintiff alleges that Mr. Abrams told Defendant Marenelli about his urges, that Mr. Marenelli had Mr. Abrams removed from the cell, and that Mr. Abrams was later returned to the cell.  (Dkt. No. 1 at 7.)  The facts presented plausibly suggest that Defendant Marenelli was aware that there was a substantial risk of harm to Plaintiff, and the fact that Mr. Abrams was returned to the cell suggests a possible inference that Defendant Marenelli disregarded that risk.  Defendants argue that even if a prison official is aware of a risk, if he or she responds reasonably to that risk that official may be found free of liability.  (Dkt. No. 17-1 at 8.)  However, without the benefit of discovery, there is no way for the Court to determine exactly what took place while Mr. Abrams was out of the cell.  Therefore, any conclusions that the Court might draw at this point as to the reasonableness of Defendant Marenelli's conduct would be improper.  *See Dorsett-Felicelli, Inc. v. Cnty. of Clinton,* 371 F. Supp. 2d 183, 193-194 (N.D.N.Y. 2005) ("Whether [] Defendants['] actions were objectively reasonable is a fact-intensive inquiry that is ill-suited to determination on a motion to dismiss.")

Accepting the material facts alleged in the complaint as true and construing all reasonable inferences in Plaintiff's favor, I find that Plaintiff has sufficiently put forth facts satisfying the objective and subjective prongs of the analysis, and has therefore plausibly alleged an Eighth Amendment violation.[10]  *See Hernandez*, 18 F.3d at 136.

---

[10]If Plaintiff is also seeking to claim that Defendant Marenelli violated his constitutional rights by engaging in a custom or practice of failing to separate out dangerous inmates, that claim suffers the same fatal flaws as the policy claim against Defendant Rock.

Defendants claim that Plaintiff cannot recover for the injuries he sustained from assisting Mr. Abrams during his suicide attempt because Plaintiff's actions in attempting to rescue Mr. Abrams constituted a "superseding and intervening cause of his injuries." (Dkt. No. 17-1 at 10.) However, the case law proffered by Defendants in support of this position all stemmed from post-judgment proceedings, rather than motions to dismiss for failure to state a claim. Given the fact that this action is in its earliest stages, this Court finds it prudent to recommend deferring the determination of causation until the completion of discovery.

In light of the foregoing, I recommend that Defendants' motion to dismiss the claim against Defendant Marenelli be denied.

### E. Claim of Inadequate Medical Care

In the Facts portion of the complaint, Plaintiff notes that during the incident with Mr. Abrams he "rebroke" his left wrist. (Dkt. No. 1 at 7-8.) He also alleges he "became extremely sick," had "symptoms of [pneumonia]," and that nothing was done for him. *Id.*

Plaintiff has not included any claims regarding a lack of medical treatment in his causes of action. Even if he did, Plaintiff has not alleged any facts to suggest that either Defendant was personally involved in any lack of medical treatment. If Plaintiff wishes to make a claim for the denial of medical treatment, I recommend he be granted leave to do so. Plaintiff is advised that if he chooses to amend his complaint to include such a claim, he much show "that he had a serious medical condition and that it was met with deliberate indifference." *Caiozzo v. Koreman*, 581 F.3d 63, 72 (2d Cir. 2009) (citation and punctuation omitted). "The objective 'medical need' element measures the severity of the alleged deprivation, while the subjective 'deliberate indifference' element ensures that the defendant prison official acted with a sufficiently culpable

state of mind." *Smith v. Carpenter*, 316 F.3d 178, 183-84 (2d Cir. 2003).

**ACCORDINGLY**, it is

**RECOMMENDED** that Defendants' motion to dismiss for failure to state a claim (Dkt. No. 17) be **GRANTED** in part and **DENIED** in part; and it is further

**RECOMMENDED** that Plaintiff's claims against Defendant Rock be **DISMISSED**, with leave to amend; and it is further

**RECOMMENDED** that Plaintiff's claims against DOCCS be **DISMISSED**, with prejudice; and it is further

**RECOMMENDED** that Defendant Marenelli be directed to answer the Eighth Amendment claim; and it is further

**ORDERED** that the Clerk provide Plaintiff with a copy of *Tolliver v. NY State Correctional Officers*, No. 99 CIV 9555, 2000 U.S. Dist. LEXIS 11531, 2000 WL 1154311 (S.D.N.Y. Aug. 14, 2000).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a).

Dated: January 31, 2012
       Syracuse, New York

*[signature]*
George H. Lowe
United States Magistrate Judge