UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

MATTHEW BOOKER,

                                        Plaintiff,                    9:11-CV-0247
                                                                      (DNH/TWD)
          v.

MR. MARENELLI, Psychologist, Upstate
Correctional Facility,

                                        Defendant.

_____

APPEARANCES:                                    OF COUNSEL:

MATTHEW BOOKER
Plaintiff, pro se
Last Known Address:
09-R-5397
Elmira Correctional Facility
P.O. Box 500
Elmira, NY 14902

HON. ERIC T. SCHNEIDERMAN                    ADELE M. TAYLOR-SCOTT, ESQ.
New York State Attorney General              Ass't Attorney General
Attorney for Defendant
The Capitol
Albany, NY 12224

DAVID N. HURD
United States District Judge

**DECISION and ORDER**

**I.      INTRODUCTION**

          Plaintiff pro se Matthew Booker commenced this action pursuant to 42 U.S.C. § 1983

in March, 2011.  Plaintiff was granted leave to proceed with this action in forma pauperis and

the U.S. Marshal was directed to effect service of process on the defendants.  *See* Dkt. No.

6.

In a Decision and Order filed February 15, 2012, defendants' motion to dismiss the

complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure was granted in

part and denied in part.  Dkt. No. 25 (the "February Order").  Defendant Marenelli filed an

answer to plaintiff's remaining claim and a Mandatory Pretrial Discovery and Scheduling

Order was issued by Magistrate Judge Therese Wiley Dancks on April 16, 2012.  Dkt. Nos.

27, 29.

By letter dated May 30, 2012, counsel requested that the deadline set for service of

defendant's mandatory disclosures be held in abeyance pending notification by plaintiff of his

current address.  Dkt. No. 31.  Counsel advised that plaintiff had been released from the

custody of the New York Department of Corrections and Community Supervision ("DOCCS")

on April 30, 2012, and had not provided a current address.  *Id.*

Upon review of the docket, defendant's request was granted and the remaining pretrial

deadlines stayed pending further order.  Dkt. No. 32 (the "June Order").  In so ruling, it was

noted that plaintiff had not communicated with the court regarding any aspect of this litigation

since August 17, 2011, when he notified the Clerk of an address change.  *See* Dkt. No. 19.[1]

Plaintiff was specifically advised that if he failed to notify the Clerk of his current address

within thirty (30) days of the filing date of the June Order, dismissal of this action would be

---

[1] As discussed in the June Order, plaintiff did not respond in opposition to defendants' motion to dismiss, despite having been granted an extension of time to do so, nor did he file objections to the Report-Recommendation issued by now-retired Magistrate Judge George H. Lowe in January, 2012.  In addition, service of the Report-Recommendation was returned to the Clerk marked as undeliverable to plaintiff at his address of record; the envelope was marked: "MED 10/18/11 no longer in system."  Dkt. No. 22.  Service of the February Order was also returned to the Clerk marked as undeliverable to plaintiff.  Dkt. No. 28.  In April, 2012, it came to the Clerk's attention that plaintiff had been returned to DOCCS custody and was confined at Auburn Correctional Facility.  Accordingly, copies of the February Order and defendant Marenelli's answer were served on plaintiff at that facility along with a change of address form to be completed by plaintiff and returned to the Clerk of the Court.  Plaintiff did not complete and return the change of address form.

considered.  *Id*. at 4.

On June 21, 2012, service of the June Order on plaintiff was returned to the Clerk marked as undeliverable to plaintiff; the envelope was marked "Parole 4-30-12."  Dkt. No. 33.

## II.    DISCUSSION

Defendant filed a motion to dismiss this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure on July 3, 2012, based upon plaintiff's prolonged failure to notify the court and counsel of his address and to pursue his claims in this action.  Dkt. No. 34.  As defendant notes, Rule 41(b) provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute the case, or to comply with the procedural rules or orders of the court.  *See* Dkt. No. 34-2 at 4-5 (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).[2]

The appropriateness of a Rule 41(b) dismissal is determined in light of five factors: (1) the duration of the plaintiff's failure to comply with the court order (or the court's procedural rules); (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal.  *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir.

---

[2]  This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases.  *See Freeman v. Lundrigan*, No. 95-CV-1190, 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996) (Pooler, J.).  Even though Rule 41(b) speaks only of a dismissal on a motion by a defendant, courts have recognized that the rule does not abrogate a district court's inherent power to dismiss a complaint, sua sponte, for failure to prosecute.  *See Saylor v. Bastedo*, 623 F.2d 230, 238-39 (2d Cir. 1980).  It is well-settled that the term "these rules" in Federal Rule of Civil Procedure 41(b) refers not only to the Federal Rules of Civil Procedure but also to the local rules of practice for a district court.  *See Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D.N.Y. 2006).

1996).

Upon due consideration, it is found that these five factors weigh in favor of dismissal. Local Rule 41.2(a) of the Northern District states that "the plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution." N.D.N.Y.L.R. 41.2(a). Here, plaintiff has not communicated with the court regarding any aspect of this litigation since August 17, 2011, nearly one year ago. Most recently, service on plaintiff at his last known address of the June Order and the Clerk's Notice regarding defendant's motion to dismiss was unsuccessful. *See* Dkt. Nos. 33, 36. This matter cannot proceed without notification by plaintiff of his current address, and the duration of plaintiff's failure to provide that information weighs heavily in favor of dismissal. *See* Dkt. No. 32. With regard to the second factor, it is found that plaintiff has been afforded ample notice of his obligation to update his address and of the consequences of his failure to do so.[3]

The third factor is also satisfied here because defendant is likely to be prejudiced by further delay. The events giving rise to plaintiff's claims occurred in December, 2010, and defendant has not been able to secure plaintiff's deposition. Further delay may well affect defendant's ability to locate witnesses (who might retire from, or be transferred within, DOCCS), and to preserve evidence. *See, e.g., Georgiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) (finding that passage of time would cause memories to fade).

Under the circumstances, it is found that the need to alleviate congestion on the docket outweighs plaintiff's right to receive a further chance to be heard in this case. It is the

---

[3] The duty to keep the Clerk's Office apprised of his current address is clearly stated in the District's Local Rules 10.1(c)(2) and 41.2(b), and on page 43 of the District's Pro Se Handbook, copies of which are provided to all prison libraries in the Northern District. Moreover, on June 3, 2011, Magistrate Judge Lowe reminded plaintiff of that duty. *See* Dkt. No. 6 at 4.

need to monitor and manage cases like this one that delay the resolution of other cases, and that contribute to the Second Circuit's relatively long median time to disposition for prisoner civil rights cases.

Finally, less drastic sanctions have been carefully considered and are found to be inadequate under the circumstances, especially given the fact that any Order admonishing plaintiff for his dilatory conduct and directing compliance would likely never reach him.

**III.    CONCLUSION**

Therefore, it is

ORDERED that

1.  Defendant's motion to dismiss (Dkt. No. 34) is **GRANTED** and this action is **DISMISSED without prejudice** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure due to plaintiff's failure to advise the court of his address and to prosecute his claims in this action;

2.  The Clerk is directed to enter judgment accordingly; and

3.  The Clerk serve a copy of this Decision and Order on the parties.  Service on plaintiff shall be made at his last known address.

IT IS SO ORDERED.

_____
United States District Judge

Dated:  August 14, 2012
        Utica, New York.